# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-CR-429 JCM (GWF) |
| Plaintiff(s), | |
| v. | |
| CRAIG CURTIS SILL and MICHAEL SEVERSON, | |
| Defendant(s). | |

**ORDER**

Presently before the court is the report and recommendation of Magistrate Judge Foley (doc. # 65) regarding defendant's motion to suppress (doc. # 51). Defendant Craig Curtis Sill filed objections (doc. # 72) to which the government responded (doc. # 73).

**I.      Background**

**A.      Facts**

On September 6, 2011, LVMPD Officer Allan Dong and his partner went to 239 E. Maulding Avenue, Las Vegas, Nevada to investigate a report by a neighbor that an ex-tenant had just broken into the house. When Officer Dong arrived, he observed that a window was broken and a door was open. He then entered the house, attempting to locate the suspect. Upon entering the room in the southwest corner of the house, Officer Dong observed jars of an unknown brown liquid, lye, coffee filters, a respirator, drain cleaner, plastic bags containing a red powder, and a piece of paper with an equation written on it. Suspecting that these items were being used to produce narcotics, Officer

**James C. Mahan**
**U.S. District Judge**

1  Dong contacted the Narcotics Bureau and told them what he saw. Officer Dong then questioned the
2  neighbors regarding the owner of the house. These neighbors stated that the owner of the house,
3  defendant Sill, was away at the Burning Man Festival.

4  Approximately thirty minutes after Officer Dong's call to the Narcotics Bureau, Randy
5  Dockery, a narcotics detective, arrived on the scene. Officer Dong described the items he had seen
6  inside the house to Detective Dockery. Based on Officer Dong's account, Detective Dockery thought
7  it was possible that the liquid in the jars was methamphetamine. Detective Dockery testified that,
8  at that time, he thought it necessary to inspect the items because Officer Dong's account made it
9  sound like they might be dangerous chemicals used in making methamphetamine.

10  Detective Dockery and Officer Dong then re-entered the house. Upon inspecting the items
11  that Officer Dong had described, Detective Dockery suspected that the house was being used as a
12  drug lab. A quick google search from Detective Dockery's iPhone indicated that the room contained
13  the primary ingredients necessary to make dimethyltryptamine (DMT), a schedule I controlled
14  substance. Based on this information, Detective Dockery applied for a search warrant, which was
15  granted. The police then executed the warrant, and seized several items that were allegedly used to
16  produce DMT.

17  In the underlying motion, defendant argued that neither the initial entry by Officer Dong, nor
18  the subsequent inspection of the suspicious items by Detective Dockery were valid under the Fourth
19  Amendment. Accordingly, he requested that the evidence obtained in the search of the house be
20  suppressed.

21  **B.**     **Report & recommendation and objections**

22  Magistrate Judge Foley entered a report and recommendation (doc. # 51) recommending that
23  the court deny the motion to suppress. Judge Foley found that both the initial search by Officer Dong
24  and the subsequent inspection of the suspicious items by Detective Dockery were justified under the
25  exigent circumstances exception to the warrant requirement. (Doc. # 65).

26  Defendant objects only to Judge Foley's finding that Detective Dockery's search of the
27  premises was permissible under the Fourth Amendment. (Doc. # 72).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2. Upon the filing of such objections, the district court must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); LR IB 3–2(b). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.*

However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'").

## III. Discussion

The court limits its analysis to a de novo review of the portions of the report to which objections were made. *See* 28 U.S.C. § 636(b)(1)(C). Accordingly, the court will only discuss whether the search conducted by Detective Dockery was permissible under the Fourth Amendment.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." Warrantless entries into the home are presumptively unreasonable. *United States v. Perea-Rey*, 680 F.3d 117, 1186 (9th Cir. 2012).

An exception to the warrant requirement applies, however, when "the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *United States v. Snipe*, 515 F.3d 947, 950 (9th Cir. 2008).

"Exigent circumstances are defined to include those circumstances that would cause a reasonable person to believe that entry . . . was necessary to prevent physical harm to officers

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   or other persons, the destruction of relevant evidence, the escape of the suspect, or some other

2   consequence improperly frustrating legitimate law enforcement efforts." *Fisher v. City of San Jose*,

3   558 F.3d 1069, 1075 (9th Cir. 2009) (internal quotation marks omitted).

4   Defendant argues that, though Officer Dong was originally justified in searching the home

5   because there was reason to suspect a burglar was still inside, that there was no justification for

6   Detective Dockery to enter the home a full thirty minutes later to conduct his own inspection of the

7   suspicious ingredients.

8   While defendant correctly points out that Officer Dong did not convey that there were any

9   open flames or that there was any "cooking" taking place, both officers testified that a heat source

10  is not required to create a danger of an explosion within a drug lab. Before his entry into the house,

11  Detective Dockery was aware that various suspicious chemicals, some known and some unknown,

12  were present in one room of the house, along with a respirator. With this information, a reasonable

13  person would certainly come to the conclusion that the situation was volatile, and that there was a

14  high possibility of an explosion that could endanger the lives of those in the surrounding area.

15  Therefore, Detective Dockery's decision to enter the house and inspect the chemicals based on his

16  concern for the safety of nearby individuals was a reasonable one.

17  Defendant's contention that Officer Dong did not report any adverse symptoms due to his

18  contact with the chemicals is not relevant, as Detective Dockery's search was reasonable for the

19  purpose of preventing a possible explosion even if there was no risk of danger from inhaling the

20  chemicals.

21  Additionally, fact that the officers did not enter any other areas of the house, and limited their

22  search to the room containing the suspicious chemicals indicates the sincerity of their claims that

23  they suspected the chemicals were dangerous.

24  For these reasons, the court finds that officer Dockery's search of the room was objectively

25  reasonable under the circumstances, and falls within the exigent circumstances exception to the

26  warrant requirement of the Fourth Amendment.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

### IV. Conclusion

After having conducted a de novo review of those portions of the report objected to,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Foley's report and recommendation (doc. # 65) regarding defendants' motion to suppress be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that defendant's motion to suppress (doc. # 51) be, and the same hereby is, DENIED.

DATED January 15, 2014.

_____
UNITED STATES DISTRICT JUDGE